The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201
Dear Mr. McCuen:
This is in response to your request for an opinion on the following questions:
 1. Under the provisions of Act 823 of 1987, would in-kind donations of labor and materials be included in the $75,000 total?
 2. Is it permissible under the provisions of Act 823 of 1987 to place donations totaling more than $75,000 in the operating fund?
 3. Will the Law Enforcement Officers Memorial under the provisions of Act 665 of 1987 be governed by the new Capitol Grounds Commission?
The answer to your first question is no. The $75,000 is the amount of the appropriation which is for specific dollars that are to be withdrawn from the state Treasury "General Improvement Fund" created under the Act. (A copy of Act 823 is enclosed). The Act does not, however, appear to restrict any donations of actual materials to the project.
I assume that your second question, in citing "the operating fund," has reference to the aforementioned General Improvement Fund. The answer to this question is yes. Section 3 of the Act clearly contemplates that the Secretary of State may deposit "earnings, fees, grants or donations" in the fund. And the Act does not appear to place a restriction on the amount of grants or donations that the Secretary of State may accept. Of course, Section 3 does prohibit the withdrawal of funds in excess of monies deposited in the General Improvement Fund by the Secretary of State. And, furthermore, it would appear that Section 1 limits the maximum amount that may be payable from the Fund to the amount of the appropriation, that is, $75,000.
In response to your final question, the Capitol Grounds Commission has the power and duty under Act 665 of 1987 (copy enclosed) to review and approve all capital improvement projects. See Section 6 of the Act. The term "project" means "expenditures for capital construction or capital improvements." See Section 3(b). The terms "project" and "capital improvement project" also specifically include, under Section 5, "the location of memorials. . . ." The Act also confers upon the Commission the specific power and duty to "review and recommend to the Governor, the General Assembly, and Secretary of State on the location of monuments, memorials. . . ." See Section 4(d).
It therefore appears that the Commission has substantial authority with respect to the location of the Memorial, and that a request must be filed with the Commission for its review and approval, in accordance with Section 6 of the Act. Section 6 sets out the information that the Commission may require.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.